IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Teresa Gethers, | ) | Civil Action No. 2:10-2763-RMG-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| | ) | |
| iQor, Inc. and iQor US Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

This matter is before the Court on the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12 [Doc. 5], requesting that the plaintiff's claims pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* ("USERRA") and S.C. Code § 8-7-90 be dismissed.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

The plaintiff was employed by the defendants from March 2008 through October 2008. (Compl. at ¶¶ 7, 11-2.) During this time period, she was also serving in the South Carolina National Guard. (Compl. at ¶ 9.) At the end of October 2008, the plaintiff's employment was terminated. (Compl. at ¶ 12.) According to the plaintiff, she was told that her termination was for poor performance, but she maintains that it was because of

her military leave. (Compl. at ¶¶ 11.)  The plaintiff's Complaint contains two causes of action: (1) breach of contract; and (2) violation of USERRA.

## APPLICABLE LAW

### MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

**DISCUSSION**

I.      **Uniformed Services Employment and Reemployment Rights Act**

The defendants contend that the plaintiff has failed to sufficiently plead a claim under USERRA. USERRA was enacted to protect the rights of veterans and members of the military services and is broadly construed in favor of its military beneficiaries. *See Hill v. Michelin N. Am.*, 252 F.3d 307, 312-13 (4th Cir.2001). USERRA affords protection to current and former service members by prohibiting discriminatory acts of their employers where military status is a motivating factor in an employment action, even if it is not the sole basis for the decision. *Id.* at 312.

USERRA only protects members of "the uniformed services." 38 U.S.C. § 4301(a)(3). The regulations make clear that National Guard service is only protected if the National Guard service is performed pursuant to federal, and not state, authority. 20 C.F.R. § 1002.57. As the defendants emphasize, the regulations specifically state that "National Guard service under authority of State law is not protected by USERRA." 20 C.F.R. § 1002.57(b).

> The National Guard has a dual status. It is a Reserve component of the Army, or, in the case of the Air National Guard, of the Air Force. Simultaneously, it is a State military force subject to call-up by the State Governor for duty not subject to Federal control, such as emergency duty in cases of floods or riots. National Guard members may perform service under either Federal or State authority, but only Federal National Guard service is covered by USERRA.

20 C.F.R. § 1002.57; *see also* S.C. Code Ann. § 25-1-1310 (noting duty of maintaining National Guard rests on State where not on United States); 10 U.S.C. 12401 (noting

3

that members of National Guard are not in active federal service until ordered thereto).

The defendants contend that because the Complaint identifies the plaintiff only as a member of the South Carolina National Guard that it cannot be known whether the service, which is the predicate bases for her absence between September 15, 2008 and October 20, 2008 (Compl. ¶¶ 9-10), was taken pursuant to federal or state authority, to wit, whether the President or the Governor called the plaintiff into service. The defendant contends that the failure of the pleading to indicate that her service was performed pursuant to federal law warrants dismissal.

The plaintiff has made only the slightest substantive rejoinder in response. She does not argue either that the statute, in fact, covers National Guard Service, State in kind, or that her service ought somehow to be construed as pursuant to federal law. She starts what appears to be the glimmer of a point when she keys upon the broad phrase "uniformed services," but just as swiftly defeats it by acknowledging that the term is limited to "the Armed Forces; the Army National Guard and the Air National Guard when engaged in active duty for training, inactive duty training, or full-time National Guard duty; the commissioned corps of the Public Health Service; and any other category of persons designated by the President in time of war or national emergency." (Pl. Resp. at 4); *see* 38 U.S.C. § 4303(16). The plaintiff does not take the added step of explaining how her pleadings evidence Guard participation of these kinds.

To be clear, the statute and regulations are not implying the presence of two distinct National Guards, one state and one federal. *See* 20 C.F.R. § 1002.57; 32 U.S.C. § 101(4). It is the same Guard, which can be deployed either by a State or the federal government, depending on the nature of the military/humanitarian operation.

*See id.* So, the simple reference, itself, to the *South Carolina* National Guard is not somehow fatal to the plaintiff's claim. (See Compl. ¶¶ 9, 19.) Rather it is the silence, otherwise present in the Complaint – as to what authority her service was performed pursuant to - which causes the difficulty.

Originally, the Court viewed the plaintiff's generalized appeals either to delay for discovery, or to amend, as unavailing. Discovery is unnecessary to prove that which has not been alleged in the first instance. If the plaintiff claimed to have performed federal National Guard Service but needed only the occasion to prove it, then discovery would be in order. She has made no claim either way, at pleading or on brief. Further, she has not technically offered what averment she might append to her Complaint to cure it.

That being said, in the Court's estimation, if her service was pursuant to federal authority, then a simple statement in the Complaint to that effect would seem sufficient. Why the plaintiff has not more directly indicated that her attorney is capable, subject to the constraints of Rule 11, to so plead, is unclear. But, the Court would provide one last clear chance. With the demands of the Federal Rules of Civil Procedure in mind, the plaintiff would have leave to indicate, by way of amendment, pursuant to what authority her service was rendered, State or federal. The Court would caution that, at this juncture, any averment which professes service pursuant to federal authority, but which is subsequently proven to be less than accurate, raises a different kind of suspicion than had it not been made on occasion of this present motion and Order. The Court may be naive about such matters, but it would seem that the quality of the plaintiff's service should be readily determinable and well within her capacity to know with a high measure

5

of certainty at the pleading stage.

## II.     The State Military Leave Law

The defendants also move for dismissal of the plaintiff's claim under the state military leave law, S.C. Code § 8-7-90. (Compl. ¶ 20.) The defendants rightly observe that the state military leave law only applies to "officers and employees *of this State or a political subdivision of this State.*" *See id.* (emphasis added); *see also Marchant v. Hamilton*, 309 S.E.2d 781, 784 (S.C. Ct. App.1983) (" . . . Code sections 8-7-90 and 25-1-2250 require the State and its political subdivisions, including the School Board here, to pay their employees full salary during absences for military training."). Insofar as the defendants in this case are a private employer, the Court is unaware how the statute might apply. And, the plaintiff has not explained it or even acknowledged the issue, in spite of quoting the statute in full. The claim should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendants' motion to dismiss [Doc. 5] be GRANTED, in part, and DENIED, in part. Specifically, any claim made pursuant to S.C. Code Ann. § 8-7-90 should be dismissed. The defendants' motion regarding the plaintiff's Uniformed Services Employment and Reemployment Rights Act claim, however, should presently be DENIED. The plaintiff has leave to amend her Complaint to indicate, whether or not her service was performed pursuant to federal law. To the extent she does not, or cannot, so indicate, the defendant has leave to renew its motion, summarily, for the Court's consideration.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 2, 2011
Greenville, South Carolina.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).